# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

**JOSEPH B. HUTCHESON,**
Plaintiff,

v.

**MELISSA BLACK**, in her official capacity as Circuit Judge, Thirteenth Judicial Circuit,
**MARY ELIZABETH KUENZEL**, in her official capacity as Clerk of the Second District Court of Appeal,
**LAURA TABER-BAGGIO,**
**CHARLENE PULLUM,**
Defendants.

Case No.: 8:26-cv-00019-TPB-AAS

---

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

(42 U.S.C. § 1983; U.S. CONST. AMENDS. I & XIV)

## I. INTRODUCTION

1.  This action seeks **prospective declaratory and injunctive relief** and limited damages for **independent federal constitutional violations** arising from **procedurally deficient state action**, including denial of due process, denial of access to courts, and **stigma-plus harms** imposed without adequate safeguards.

2.  Plaintiff **does not** ask this Court to review, reverse, or nullify any state-court judgment. Relief sought addresses **ongoing and future constitutional injuries** resulting from **procedural deprivation and public dissemination** of stigmatizing records.

---

## II. JURISDICTION AND VENUE

IFP

3. Jurisdiction lies under **28 U.S.C. § 1331** and **42 U.S.C. § 1983**.

4. Venue is proper under **28 U.S.C. § 1391(b)**.

## III. PARTIES

5. **Plaintiff** is a Florida resident.

6. **Judge Melissa Black** is sued **in her official capacity only** for **declaratory and prospective injunctive relief** (no damages).

7. **Mary Elizabeth Kuenzel**, Clerk of the Second District Court of Appeal, is sued **in her official capacity only** for **declaratory and prospective injunctive relief** relating to access-to-courts procedures (no damages).

8. **Laura Taber-Baggio** and **Charlene Pullum** are sued in their **individual capacities**, and as applicable for **joint participation with state action** in imposing and perpetuating stigmatizing effects.

    **Immunity Preemption:** Official-capacity claims seek **prospective relief** only (Ex parte Young). No damages are sought against judicial officers.

## IV. FACTUAL ALLEGATIONS (PROCEDURAL ONLY)

9. Plaintiff was subjected to **two permanent civil injunctions** that remain **publicly accessible** and stigmatizing.

10. The injunctions were entered **without full discovery, without adequate preparation time**, and **without permitting witness testimony**.

11. Appellate review was pursued in good faith but became **procedurally foreclosed** when reinstatement was conditioned on fees Plaintiff cannot pay after an indigency determination made **without a hearing**.

12. No merits review occurred; meanwhile, **public dissemination** of the injunctions continues to cause **reputational and employment harm**.

## V. EXHIBITS

- **Exhibit A:** Final Judgment of Injunction (Taber-Baggio), Case No. 25-DR-005061

- **Exhibit B:** Final Judgment of Injunction (Pullum), Case No. 25-DR-005104

- **Exhibit C:** Second DCA Order conditioning reinstatement on fee (2D2025-2104)

- **Exhibit D:** Second DCA Order conditioning reinstatement on fee (2D2025-2103)

---

## VI. CLAIMS FOR RELIEF

### COUNT I — Procedural Due Process (Fourteenth Amendment)

(Declaratory & Prospective Injunctive Relief)

13. Defendants, through state action, imposed permanent, stigmatizing injunctions **without constitutionally adequate procedures**, including denial of discovery and witnesses.

14. **Exhibits A & B** evidence the final, public imposition of stigma without full process.

15. Plaintiff seeks **prospective relief** requiring constitutionally adequate procedures and **limitations on public dissemination** pending such procedures.

### COUNT II — Denial of Access to Courts (First & Fourteenth Amendments)

(Declaratory & Prospective Injunctive Relief)

16. Appellate review was **procedurally foreclosed** by conditioning reinstatement on unaffordable fees following an indigency determination made **without a hearing.**

17. **Exhibits C & D** demonstrate fee-based foreclosure with no merits review.

18. Plaintiff seeks declaratory relief and prospective injunctive relief ensuring **meaningful access** to appellate processes.

### COUNT III — Stigma-Plus Due Process Violation

(Declaratory & Prospective Injunctive Relief; Damages as Applicable)

19. State action publicly branded Plaintiff with allegations carrying severe stigma, coupled with **tangible harms** (loss of employment opportunities).

20. **Exhibits A–D** show stigma imposed and perpetuated without adequate process or review.

21. Plaintiff seeks declaratory relief and **narrow injunctive relief** restricting public dissemination pending constitutionally adequate procedures.

## COUNT IV — § 1983 (Individual Defendants as Applicable)

22. Individual Defendants acted under color of state law or in joint participation, causing the constitutional violations alleged.

23. Plaintiff seeks damages **only where immunity does not apply.**

# VII. RELIEF REQUESTED

Plaintiff requests:

A. Declaratory judgments as to Counts I–III;
B. **Prospective injunctive relief** narrowly tailored to ensure adequate procedures and **restrict public dissemination** of stigmatizing records pending such procedures;
C. Damages against non-immune defendants as permitted;
D. Costs and fees under **42 U.S.C. § 1988**;
E. Any other just relief.

# VIII. JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

Respectfully submitted,

**Joseph B. Hutcheson**
Plaintiff, Pro Se
7662 Nottinghill Sky Dr. Apollo Beach, FL 33572
(808) 228-4929
Hutchland@hotmail.com