UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH B. HUTCHESON,

    Plaintiff,

v.                                                                          Case No. 8:26-cv-19-TPB-AAS

JUDGE MELISSA BLACK, et al.,

    Defendants.
_____/

**ORDER DISMISSING COMPLAINT**

This matter is before the Court *sua sponte* on Plaintiff Joseph B. Hutcheson's complaint, filed on January 5, 2026. (Doc. 1). In his complaint, Plaintiff sues Judge Melissa Black, Clerk of Court for the Second District Court of Appeal Mary Elizabeth Kuenzel, Laura Taber-Baggio, and Charlene Pullum for declaratory and injunctive relief, along with damages, for alleged constitutional violations that occurred in state court proceedings.[1]

Based on the allegations of his complaint, it appears that Plaintiff is upset about two permanent civil injunctions entered against him that he claims remain "publicly accessible and stigmatizing." Based on the attached exhibits, it appears that a final judgment of injunction for protection against stalking (after notice) was entered against Plaintiff in favor of Laura Taber-Baggio; the injunction remains in effect through August 5, 2026. Another final judgment of injunction for protection

---

[1] Laura Taber-Baggio and Charlene Pullum are petitioners who sought an injunction against Plaintiff.

against stalking (after notice) was entered against Plaintiff in favor of Charlene Pullum, which also remains in effect through August 5, 2026.  Although Plaintiff initially appealed the injunction orders, he was not permitted to proceed without paying the appellate filing fee, which he declined to do.

Plaintiff filed the instant lawsuit asserting the following claims: procedural due process violations under the Fourteenth Amendment (Count I), denial of access to courts under the First and Fourteenth Amendments (Count II), a "stigma-plus" due process violation (Count III), and violation of 42 U.S.C. § 1983 (Count IV).  In his complaint, he appears to seek "constitutionally adequate procedures" (including discovery and witnesses) in the state actions, along with "limitations on public dissemination [of the injunctions] pending such procedures."  He also appears to request declaratory and prospective injunctive relief that would ensure "meaningful access to appellate processes" where appellate review was "procedurally foreclosed by conditioning reinstatement on unaffordable fees."

### *Absolute Judicial Immunity*

Plaintiff sues Judge Black for her actions in entering the injunctions.  As the Eleventh Circuit explained:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id.* at 1242. "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his

>authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020).  Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Black is entitled to absolute judicial immunity.  *See, e.g., McCree,* 2020 WL 2632329, at *1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction).  Because Plaintiff's allegations emanate from actions taken (or not taken) by Judge Black in her official judicial capacity during proceedings over which she had jurisdiction, Judge Black is absolutely immune from civil liability.  Consequently, the claims against Judge Black are dismissed with prejudice.

***Quasi-Judicial Immunity***

To the extent that Plaintiff sues Clerk Kuenzel, she would be entitled to absolute quasi-judicial immunity from her actions in filing orders requiring that the filing fee be paid prior to reinstatement of Plaintiff's appeals without an order allowing him to proceed without costs. *See Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (explaining that a nonjudicial official is included within a judge's absolute immunity when his or her official duties "have an integral relationship with the judicial process").

***Rooker-Feldman Doctrine and Younger Abstention***

Although Plaintiff attempts to plead artfully, it is very obvious that he is simply unhappy with state court rulings, orders, and judgments – most notably, the injunction orders entered against him and the Second District Court of Appeal's requirement that he pay a filing fee. His claims are therefore barred by the *Rooker-Feldman* doctrine because he essentially seeks review of state court proceedings and rulings by a federal court. Federal courts are not the appropriate court for the appeal of state court decisions. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted). This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)).

To the extent that Plaintiff is asking the Court to intervene in any ongoing state court proceedings (such as by requiring the state courts to seal the injunction orders, or by requiring the appellate court to accept his appeals without the payment of fees), the Court would abstain from doing so under the *Younger* abstention doctrine. Under the *Younger* abstention doctrine, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Upon consideration of these factors, the Court finds that abstention is warranted to the extent that any of the state court proceedings referenced in the complaint remain active and pending.

## Conclusion

Although Plaintiff may certainly attempt to litigate these issues in his state court cases, this situation does not provide Plaintiff any basis to sue the judge, the clerk of court, and the parties involved in his state court lawsuits. This matter is simply nonjusticable in a federal court.

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's claims against Judge Black and Clerk Kuenzel are **DISMISSED WITH PREJUDICE**.

2. Plaintiff's complaint is **DISMISSED, WITHOUT LEAVE TO AMEND,** for lack of subject matter jurisdiction.

3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>8th</u> day of January, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE